## In re Anonymous No. 129 D.B. 94

Disciplinary Board Docket no. 129 D.B. 94.

SLOANE, *Member,* November 28, 1995—

## I. HISTORY OF PROCEEDINGS

On December 2, 1992, respondent was convicted by a jury in the United States District Court for the [    ] District of Pennsylvania of one count of conspiracy in violation of 18 U.S.C. §371 and three counts of making false statements to the Federal Election Commission in violation of 18 U.S.C. §§1001 and 2. As a result of this conviction, on October 14, 1993, the Supreme Court of Pennsylvania entered an order placing respondent on temporary suspension. On March 30, 1994, the felony conviction was reversed by the Court of Appeals for the Third Circuit and as a result, the Supreme Court ordered respondent reinstated on October 24, 1994. Previously, on July 13, 1994, respondent entered a plea of guilty in the United States District Court for the [    ] District to a single misdemeanor violation of 2 U.S.C. §§441(f) and 437(g)(d)(1)(A) for making contributions in the name of others to a federal election campaign. By order of October 24, 1994, the Supreme Court referred the matter to the Disciplinary Board pursuant to Pa.R.D.E. 214(f)(1).

A petition for discipline was filed by the Office of Disciplinary Counsel on November 16, 1994, alleging violations of Rules of Professional Conduct 8.4(b) and (c). Respondent did not file an answer in the time frame provided. This matter was referred to Hearing Committee [    ] comprised of Chairperson [    ], Esquire, and Members [    ], Esquire, and [    ], Esquire. The committee filed its report on July 10, 1995 and recommended a suspension of one year and 11 days retroactive from October 14, 1993 through October 24,

1994 and that respondent receive credit for the suspension previously imposed upon him.

This matter was adjudicated by the Disciplinary Board at the meeting of August 17, 1995.

## II. FINDINGS OF FACT

(1) Petitioner, whose principal office is located at Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent is an attorney, age 54, having been admitted to practice law in Pennsylvania on or about 1967 and temporarily suspended by the Supreme Court of Pennsylvania from October 14, 1993 through October 24, 1994, a period of one year and 11 days.

(3) Respondent has a law firm at [    ] and is the chief executive officer of the largest [    ] company in Pennsylvania.

(4) [    ]

(5) On December 2, 1992, respondent was convicted by a jury in the United States District Court for the [    ] District of Pennsylvania on one count of conspiracy in violation of 18 U.S.C. §371 and three counts of making false statements to the Federal Election Commission in violation of 18 U.S.C. §§1001 and 2.

(6) The Supreme Court of Pennsylvania temporarily suspended respondent from the practice of law by order of October 14, 1993.

(7) On March 30, 1994, the United States Court of Appeals for the Third Circuit reversed respondent's conviction and ordered a new trial.

(8) On July 13, 1994 in the United States District Court for the [    ] District of Pennsylvania, respondent entered a plea of guilty to a single misdemeanor violation of 2 U.S.C. §441(f), making contributions of the aforesaid money to a federal election campaign in the names of others on or about October 1987.

(9) Respondent was sentenced to pay a fine of $5,000, undergo probation for a period of two years, ordered to perform 400 hours of community service under the supervision of the Federal Probation Department and pay a special assessment of $25.

(10) At the plea/sentencing hearing respondent admitted the illegal acts charged but stated he did not know such acts were a violation of the applicable Federal Act. The court found such knowledge was not an element of the offense.

(11) On October 24, 1994, the Supreme Court reinstated respondent and ordered the matter referred to the Disciplinary Board pursuant to Rule 214(f)(1), Pa.R.D.E.

## III. CONCLUSIONS OF LAW

Respondent's conviction for violations of 2 U.S.C. §§441(f) and 437(g)(d)(1)(A) constitutes a per se individual basis for discipline under Rule 203(b)(1), Pa.R.D.E.

Respondent's aforementioned misconduct violated the following Rules of Professional Conduct:

(a) R.P.C. 8.4(b)—(Committing a criminal act that reflects adversely on the honesty, trustworthiness or fitness as a lawyer in other respects).

(b) R.P.C. 8.4(c)—(Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

## IV. DISCUSSION

Respondent's criminal conviction constitutes a per se ground for discipline pursuant to Rule 203(b)(1), Pa.R.D.E. As respondent's misconduct establishes a basis for the imposition of discipline, the dispositive issue before the board is the correct measure of discipline to be imposed. In order to determine the type of discipline warranted by respondent's actions, the board must carefully consider and evaluate the facts which gave rise to the criminal charges as well as any mitigating factors. *Office of Disciplinary Counsel v. Christie,* 536 Pa. 394, 639 A.2d 782 (1994); *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 441 A.2d 1193 (1982). The board is mindful that the purpose of a disciplinary proceeding is not to punish, but rather to determine the fitness of an officer of the court to continue in that capacity and to protect the courts and the public from the official ministrations of persons unfit to practice. *Office of Disciplinary Counsel v. Duffield,* 537 Pa. 485, 644 A.2d 1186 (1994).

The record evinces that respondent made a contribution to a federal election campaign in the name of another individual, in violation of a federal statute. Respondent pleaded guilty to a violation of the statute and cooperated fully with the federal authorities. Respondent was placed on probation for two years and fined $5,000, which he paid at the time of imposition of sentence. While the board does not condone such behavior, we are fully aware that this misconduct was personal in nature and did not compromise the interests of respondent's clients. Respondent has an unblemished disciplinary record prior to this incident.

After review of the record, the board declines to follow the Hearing Committee's recommendation that respondent receive a one year, 11 day suspension with credit for time already spent on suspension. The board must examine this matter in the context of the conviction of the single count of contributing to an election campaign in the name of another. The board cannot consider the prior jury conviction for which respondent was placed on suspension and then reinstated after the conviction was reversed. The instant case is not a suspension case, but is analogous to conviction cases wherein private discipline is imposed. In the case of *In re Anonymous No. 62 D.B. 91,* 22 D.&C.4th 187 (1993), an attorney convicted for driving while under the influence received a private reprimand due to the fact that the attorney had an unblemished disciplinary record and his misconduct was personal and did not harm his clients. An attorney who pleaded guilty in federal court for failure to file income taxes received a private reprimand because his actions did not have any adverse implications for his clients. *In re Anonymous No. 52 D.B. 87,* 2 D.&C.4th 579 (1989). An attorney who admitted to cocaine possession and use received a private reprimand due to his cooperation with the federal authorities, the lack of harm to his clients, and his acknowledgment of the wrongfulness of his misconduct. *In re Anonymous No. 42 D.B. 87,* 5 D.&C.4th 613 (1987).

The board concludes that the instant case is analogous to the above-cited cases, as respondent fully cooperated, acknowledged his wrongdoing, did not harm his clients, and maintains an excellent professional reputation. The board determines that a private reprimand is the appropriate discipline in response to respondent's misconduct, as such sanction is consistent with the case law and the purpose of the disciplinary system.

## V. DETERMINATION

The Disciplinary Board of the Supreme Court of Pennsylvania determines that the respondent, [    ], shall receive a private reprimand.

The expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Vice-Chairman Leonard recused himself.

Board Members Carson and Paris did not participate in the August 17, 1995 adjudication.

### ORDER

And now, November 28, 1995, upon consideration of the report and recommendation of Hearing Committee [.    ] filed July 10, 1995, it is hereby ordered that the said [respondent] of [    ] County be subjected to a private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(a)(5) of the Pennsylvania Rules of Disciplinary Enforcement.

Costs are to be paid by the respondent.